# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR MARIO GONZALEZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-562-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Oscar Mario Gonzalez-Flores (Gonzalez) pleaded guilty to being unlawfully present in the United States following removal, and the district court sentenced him above the guidelines range to the statutory maximum sentence of 24 months of imprisonment and one year of supervised release. He argues that his sentence was substantively unreasonable because it was greater than necessary to meet the goals of sentencing. He acknowledges that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50746

it was proper for the district court to consider his criminal history in its sentencing decision, but he argues that the sentence was greater than necessary because his criminal history was part of the guidelines sentence range calculation. He maintains that while the district court believed that the facts underlying his prior aggravated assault conviction were egregious, the state court was in a better position to make that determination, and the state court sentenced him to probation. He further contends that the presentence report contained a possible ground for a downward departure due to the danger he faced in Mexico from the Zetas drug cartel, implying that this factor was not sufficiently considered by the district court. According to Gonzalez, a sentence of time served would have been sufficient.

Conceding that he did not object to the substantive reasonableness of the sentence, Gonzalez argues that such an objection is not required to preserve the substantive reasonableness of a sentence for review; he acknowledges that this argument is foreclosed by circuit precedent and raises the issue to preserve it for further review.[1] Accordingly, we review the substantive reasonableness of the sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Gonzalez must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Gonzalez makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

According to the facts set forth in the presentence report, which Gonzalez does not contest, Gonzalez was arrested for his prior aggravated assault

---

[1] Because we hold that Gonzalez's sentence was substantively reasonable and thus that the district court did not err, let alone plainly err, our resolution of this case would be no different under the abuse-of-discretion standard advocated by Gonzalez.

2

offense while he was loading a shotgun after pointing it at two different people. Thus, the district court's determination that the facts of that offense were egregious was supported by the record.  While the state court sentenced Gonzalez to probation, it was permissible for the district court to consider that Gonzalez had previously received a lenient sentence in making its sentencing determination.  *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). While Gonzalez argues that the district court failed to balance the mitigating factor of the danger to him in Mexico, there is no requirement that a sentencing court accord a certain mitigating factor dispositive weight.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

In pronouncing sentence, the district court specifically referenced the sentencing factors of deterrence and protection of the public, and it explained how they applied based upon the facts of the case.  Thus, the district court's reasons for the sentence were fact-specific and consistent with the 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  The district court's application of an upward departure based upon Gonzalez's criminal history and the lenient sentence he previously received was not unreasonable.  *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *Lee*, 358 F.3d at 328-29.  Furthermore, the amount of the variance, 17 months above the top of the guidelines range, was not unreasonable.  *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). As Gonzalez has not shown his sentence was unreasonable, he cannot show plain error.  *See Peltier*, 505 F.3d at 391.

AFFIRMED.